**John T. FLORIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54084.**

Court of Criminal Appeals of Texas, Panel 2.

July 12, 1978.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, J. R. Molina, James G. Bennett and Mike E. Frederick, Asst. Dist. Attys., Fort Worth, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery; punishment, enhanced by one prior felony conviction, was assessed at sixty years.

In his first ground of error appellant contends the trial court erroneously disallowed a question he sought to ask the jury panel during voir dire in order to exercise his peremptory challenges intelligently. The record reflects:

"MR. ROE [defense counsel]: All right, let me ask this question to the panel as a group. Now, is there any member of this panel who regardless of what the evidence showed in any case could not believe that a police officer was intentionally telling a lie from the witness stand?

"MR. MOLINA: Your Honor, we're going to object. Their role is to test the credibility.

"THE COURT: Would you mind stating that question again?

"MR. ROE: The question is: Is there any member of this jury that regardless of the evidence showed in any case could not believe that a police officer was intentionally—

"THE COURT: I'll sustain the objection.

"MR. ROE: —telling a lie.

"THE COURT: I won't even consider the question. I'll sustain the objection.

"MR. ROE: Note our exception."

In *Hernandez v. State,* Tex.Cr.App., 508 S.W.2d 853, a virtually identical question was disallowed by the trial court, and reversal resulted. The question there was:

"Is there any member of the panel who, regardless of what the evidence showed in any case, could not believe that a police officer was telling a willful falsehood from the witness stand?"

The trial court in its discretion may place reasonable time limits on the length of voir dire examination, and within such limits the defendant may examine each prospective juror individually and pose questions about any proper area of inquiry. The right to pose such questions is part of the right to counsel under Article 1, Section 10, Texas Constitution, in order that peremptory challenges may be exercised intelligently. *Emanus v. State,* 526 S.W.2d 806; *Abron v. State,* Tex.Cr.App., 523 S.W.2d 405; *Smith v. State,* Tex.Cr.App., 513 S.W.2d 823; *Cook v. State,* Tex.Cr.App., 398 S.W.2d 284. Furthermore, denial of· a proper question cannot be harmless error:

"Appellant is entitled to knowledge of the answers, regardless of content, to ensure knowing challenges. *Mathis v. State,* 167 Tex.Cr.R. 627, 322 S.W.2d 629 (1959). *If the question is proper, an answer denied prevents intelligent use of the peremptory challenges and harm is shown.*" *Smith v. State,* supra. (Emphasis added.)

The question here was proper, and on authority of *Hernandez v. State,* supra, reversible error is shown.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents for the reasons stated in the dissenting opinion in *Hernandez v. State,* Tex.Cr.App., 508 S.W.2d 853, 855.