Gilberto Aguilar **NUNFIO**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 453–90.

Court of Criminal Appeals of Texas, En Banc.

April 10, 1991.

<hr>

Robert A. Rodriguez, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and John M. Bradley, Mike Anderson and Rob Kepple, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted by a jury of the offense of aggravated sexual assault and his punishment was assessed at sixty-five years imprisonment. The Court of Appeals affirmed. *Nunfio v. State*, 787 S.W.2d 143 (Tex.App.—Houston [1st] 1990). We granted appellant's petition to decide whether it was error to bar appellant from asking the venire "about the victim being a nun."

Prior to appellant's voir dire, the State urged a motion in limine about discussing the facts of the case. It appears that both the State and appellant believed the evidence would show that the victim was a nun. The portion of the State's motion in limine which the trial court granted directed appellant not to discuss the occupation or vocation of the victim. When appellant asked for clarification on whether he could do so in terms of a hypothetical, and posed a hypothetical question, the trial court answered "No." Appellant did not seek to violate the motion or to otherwise preserve for appellate purposes any additional questions he would have asked. At trial, the victim testified that she was a Roman Catholic and a "member of Ursuline Order which is a congregation of religious women in the Catholic Church."

The Court of Appeals panel issued three opinions. The lead opinion found the issue was not preserved for review, based on *Romo v. State*, 577 S.W.2d 251 (Tex.Cr. App.1979), in which we held that the grant or denial of a motion in limine does not preserve error. The concurring opinion found that error was preserved for review but that the error was harmless. The dissenting opinion found not only that the error was preserved, but that denial of a proper question is never harmless, relying on *Florio v. State*, 568 S.W.2d 132 (Tex.Cr. App.1978).

The disagreement among the panel members requires us to first address the preservation issue. The trial judge granted the State's motion in limine which restricted appellant from questioning the venire about a certain area, the vocation of the

victim, without first determining the propriety of the questions outside the presence of the venire. Immediately before voir dire began, the following occurred:

> [The Prosecutor]: We would also have a motion in limine of course, about the— we would reurge the motion in limine about any facts of the case ... The fact that may come out in evidence the complainant is, indeed, a nun.
>
> [The Court]: I am going to ... grant the motion with regards to the facts as to the occupation or vocation of complainant.
>
> [Defense Counsel]: Can I use a hypothetical fact situation, if the victim is a nun, could they be fair and impartial?
>
> [The Court]: No.

■ We view this question posed by appellant's counsel as critical to the resolution of the preservation issue. The trial court was on notice of the question appellant wanted to ask, and specifically refused appellant's request to ask the question. Appellant was required to do no more under these circumstances. The State's "motion in limine" was directed only at questions to be asked on voir dire and was presented to the trial judge immediately prior to questioning the venire. Once appellant posed the specific question he sought to ask the venire and the judge refused to allow the question, the ruling by the trial court amounted to a direct order not to ask the question. Appellant obtained a specific ruling as to a specific question and properly preserved the issue for review.[1] *See* Tex.R.App.P. 52.

The standard of review in a case where the defendant claims he was improperly restricted on voir dire is whether the trial court abused its discretion. *See Smith v. State,* 703 S.W.2d 641 (Tex.Cr.App.1985), and cases cited therein; *see also, Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974). The propriety of the question which the defendant sought to ask is determinative of the issue. *Smith,* 703 S.W.2d at 643. We have held that a question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.* at 643, *citing Powell v. State,* 631 S.W.2d 169 (Tex.Cr.App.1982).

■ Here, the question posed by appellant's counsel sought to determine potential bias or prejudice in favor of the victim by virtue of her vocation. Similar inquiries have been held to be proper. *See, e.g., Abron v. State,* 523 S.W.2d 405 (Tex.Cr. App.1975) (reversed rape conviction because trial court disallowed defendant's question to venire whether it would make a difference that the black defendant was accused of raping a white victim); *Hernan-*

---

1. The lead opinion by the court of appeals relies in part on *Ransom v. State,* wherein the court held that the denial or granting of a motion in limine, standing alone, cannot create reversible error. *Ransom v. State,* 630 S.W.2d 904 (Tex. App.—Amarillo 1982, no pet.) *citing Romo v. State,* 577 S.W.2d 251, 252 (Tex.Cr.App.1979). In *Ransom,* however, the record was bare of any definitive restriction by the trial court of the defendant's voir dire. The court explained that "the specific activity to which the motion [in limine] is directed must actually be attempted and either permitted or prohibited by the court, and a proper record thereof made, before there is anything for the appellate court to review." *Id.* at 907. In this case, there was a record of the question appellant wanted to ask the panel and a prohibition by the court thereof, such that the error was preserved.

Further, the exchange at issue here—the motion by the State, the proffered question by the defendant and the ruling by the trial court—is not typical of the traditional motion in limine. "A true motion in limine does not usually seek an immediate ruling from the trial court.... Rather, its purpose is to obtain a ruling from the trial court ordering the holding of a hearing out of the jury's presence before any mention is made of the evidence." 3 M. Teague, Texas Criminal Practice Guide § 73.02[2], p. 73–6 (1990). Here, the trial court did not restrict its ruling to an order that the parties approach the bench before going into the matter the subject of the motion, but flatly refused appellant's request that he be allowed to ask the specific question. *Cf. Norman v. State,* 523 S.W.2d 669 (Tex.Cr.App.1975) (nothing preserved for review where trial court granted state's motion in limine and instructed defense counsel to proffer the evidence outside the presence of the jury, but defense counsel merely broached the general subject matter of the motion without proffering any specific questions or specific evidence). Thus, while it is of course true that the granting or denying of a motion in limine, *without more,* preserves nothing for review, error will be preserved where a specific proffer is made by the complaining party and ruled on by the trial court.

*dez v. State,* 508 S.W.2d 853 (Tex.Cr.App. 1974) (reversed conviction because of trial court's refusal to allow defendant to ask venire if they could believe a police officer might lie under oath). The question in this case was proper and, thus, error is shown.

This Court has held, in a long line of cases, that the error in denial of a proper question automatically establishes harm. *See, e.g., Smith v. State,* 703 S.W.2d 641 (Tex.Cr.App.1985); *Powell v. State, supra,* and cases cited therein. If the disallowed question was proper, harm is presumed because a defendant has been denied the intelligent use of his peremptory strikes. *Smith v. State,* 703 S.W.2d 641, 643 (Tex. Cr.App.1985), *quoting Powell, supra,* and *Mathis v. State,* 576 S.W.2d 835 (Tex.Cr. App.1979). Indeed, in *Florio v. State,* 568 S.W.2d 132, 133 (Tex.Cr.App.1978), this Court stated that "denial of a proper question cannot be harmless error." However, these cases were decided before the adoption of the Texas Rules of Appellate Procedure and Rule 81(b)(2), which requires the reviewing court to conduct a harm analysis and to reverse a conviction unless the error is found to be harmless beyond a reasonable doubt. *See* Tex.R.App.P. 81(b)(2).

■ This Court has not specifically ruled on the question of whether the type of error at issue is now subject to a harm analysis under 81(b)(2). In *Cockrum v. State,* 758 S.W.2d 577, 584 (Tex.Cr.App. 1988), a case decided subsequent to adoption of Rule 81(b)(2), we stated the rule of the *Smith* and *Mathis* line of cases as though it remained unchanged, that "[i]f the disallowed question was proper, harm is presumed because appellant has been

denied the intelligent use of his peremptory strikes." Although the language in *Cockrum* was dicta,[2] we now squarely confront the issue. We hold that error in the denial of a proper question which prevents the intelligent exercise of one's peremptory challenges constitutes an abuse of discretion and is not subject to a harm analysis under Rule 81(b)(2).

■ The rationale behind our exclusion of this type error from a harm analysis is that the inquiry involved in addressing the issue incorporates an analysis akin to that required under 81(b)(2) and, consequently, addressing the error itself also answers the harm inquiry. That is, once a reviewing court decides that a disallowed question was proper, the inescapable fact is that disallowance of the question denied the defendant the ability to intelligently exercise his peremptory challenges. The harm lies in the denial of the ability to intelligently exercise one's peremptory strikes. To further require a reviewing court to undergo a harm analysis in accordance with Rule 81(b)(2) would be fruitless. As we pointed out in the case of *Roberts v. State,* 784 S.W.2d 430, 435 (Tex.Cr.App.1990), not all errors are such as to be meaningfully subject to a harm analysis.[3] This is one error which requires reversal of the conviction without the necessity of an inquiry into harmfulness.

Finding that the error in the trial court's denial of the proffered question was properly preserved and constituted an abuse of discretion, we reverse the judgments of the Court of Appeals and the trial court and remand the cause to the trial court.

2. In *Cockrum,* unlike the instant case, we found that the error, if any, was not preserved for review because the record "[did] not reveal any instance of the trial judge disallowing a question." *Cockrum,* 758 S.W.2d at 585. We stated that, "[b]ecause the record does not reflect any refused questions, we cannot review that which does not exist—the trial judge's exercise of discretion." *Id.*

3. In *Roberts,* we discussed the harm analysis required by Rule 81(b)(2) in conjunction with mandatory statutes and observed the following: Prior to promulgation of the Rules of Appellate Procedure not every "error in the pro-

ceedings below" was deemed subject to a harm analysis (quoting Rule 81(b)(2)). Violation of some procedural provisions, "mandatory" in nature, was held by the Court to justify reversal of the conviction without an inquiry into harmfulness, *vel non,* of the error ... In cases involving breach of many procedural statutes the record will contain no concrete data from which an appellate court can meaningfully gauge the likelihood that the error did or did not contribute to the conviction or punishment of the accused. *Roberts,* 784 S.W.2d at 435.

MILLER and WHITE, JJ., join this opinion with the passing comment that denial of a proper question *to a particular venireman* might be rendered harmless by the granting of an additional strike.