**Thomas Reynaldo MATA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–278–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 3, 1993.

---

ˈLollar, Phillips & Factor, P.C. and Abe Factor, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and John Stride, Anne Box and Mark Yokum, Fort Worth, for appellee.

Before LATTIMORE, DAY and ASHWORTH (Retired), JJ.

OPINION

DAY, Justice.

Thomas Reynaldo Mata appeals his conviction of driving while intoxicated. TEX. REV.CIV.STAT.ANN. art. 6701/–1 (Vernon Supp.1993). After a jury trial, the court assessed punishment at 90 days in jail, probated for two years, and a $300 fine.

We reverse and remand for a new trial.

In his sole point of error, Mata complains the trial court improperly restricted his voir dire examination regarding the following areas of inquiry: (1) Mata's own testimony; (2) physical differences in individuals and their relationship to field sobriety testing; (3) conditions of field sobriety testing; (4) breath test refusal and implied consent law; and (5) reasonable doubt. We will address the reasonable doubt issue first.

The record reflects that, after a few introductory remarks from the trial judge, the State began its voir dire. During that examination, the State made the following statements:

> The Judge also talked to you about reasonable doubt. The State has to prove the Defendant guilty beyond a reasonable doubt. He said that he would not give you a definition of that, and that's correct. And I'm not going to give you a definition either. But I will tell you what it's not.
>
> *Beyond a reasonable doubt does not mean beyond any doubt....*
>
> ....
>
> *And it doesn't mean beyond a shadow of a doubt.*[1]
>
> The only way that each of you could be convinced beyond all doubt in a particular case is to have witnessed the offense. And the law does not allow you to sit as a juror and also to serve as a witness.
>
> This isn't an impossible task. I mean, it just takes common sense. You need to decide what—was there a crime committed, and was this defendant guilty of that crime.
>
> *Conflicting testimony is not a reasonable doubt either.*

---

1. Unless otherwise indicated, all emphasis herein is supplied by the author.

During defense counsel's voir dire of veniremember Lewis, the following exchange took place:

[DEFENSE COUNSEL]: What's your understanding, and at least give us your best idea, of what the burden of proof is in this case?

. . . .

What's your understanding in terms of what—who has to prove what?

VENIREWOMAN LEWIS: The State. We're here to—The State has to prove that this defendant was intoxicated while driving—drinking and driving.

[DEFENSE COUNSEL]: Okay. *In terms of your own feeling, what does beyond a reasonable doubt mean to you?*

[PROSECUTOR]: Your Honor, I object to [defense counsel] asking what her personal feeling is on this. This has not been defined—

THE COURT: Sustained.

Counsel, beyond a reasonable doubt is a word of common usage and it is improper for you to ask any juror, or to bind them, as to what a common usage word is.

I sustain the objection.

[DEFENSE COUNSEL]: Let me ask you: Do you think it should be more than a maybe?

[PROSECUTOR]: Your Honor, again, he's just asking this witness (sic) her interpretation of reasonable doubt.

[DEFENSE COUNSEL]: Your Honor, when [the prosecutor] did her—did her juror examination she told the jury, look, beyond a reasonable doubt is not this, this, and this; I objected to that; I believe the Court overruled my objection, and I would like to—

THE COURT: I did it, I believe, because ... the other two words that she ... used ha[ve] been used in the media and television so many times. And I will allow you to use those same two words, if you desire, Counsel.

[DEFENSE COUNSEL]: Okay.

The jury charge at the guilt/innocence phase of trial contained the following:

In all criminal cases, the burden of proof is on the State and the defendant is presumed to be innocent unless the defendant's guilt is established by legal evidence *beyond a reasonable doubt;* and, in case you have a *reasonable doubt* of the defendant's guilt, you will acquit the defendant and say by your verdict "not guilty."

In a criminal case the State must prove the allegations of the indictment beyond a reasonable doubt. The State's burden of proof is an issue applicable to any criminal case because the fact finder must apply that standard when determining guilt. *Woolridge v. State,* 827 S.W.2d 900, 904 (Tex.Crim.App.1992). Therefore, both parties have an interest in knowing a potential juror's understanding of the State's burden of proof in order to determine how the jury will apply that burden. *Id.*

■ The Court of Criminal Appeals has provided a definition of reasonable doubt that must be given in every criminal trial. *See Geesa v. State,* 820 S.W.2d 154, 162 (Tex.Crim.App.1991). *Geesa* applies prospectively only, however, and thus at the time of the trial in the instant case, no definition was available.[2] Instead, the jurors were free to define reasonable doubt individually. Accordingly, the Court of Criminal Appeals has held that the parties in cases to which *Geesa* does not apply are entitled to question the venire on the State's burden of proof to determine how the jury would apply that burden. *Woolridge,* 827 S.W.2d at 906.

■ The standard of review applicable to complaints of improper restriction of voir dire is abuse of discretion. *Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Crim.App. 1991). A trial court abuses its discretion if it refuses to allow the defendant to voir dire prospective jurors about what they think reasonable doubt means. *Lane v. State,* 828 S.W.2d 764, 766 (Tex.Crim.App. 1992).

**2.** Mata's trial took place on June 4–5, 1991. The *Geesa* decision was not final until November 6, 1991.

■ Moreover, the Court of Criminal Appeals has consistently held that when a proper question is not allowed to be asked, the answer to the question need not be shown to establish harm. *Id.; see also Woolridge,* 827 S.W.2d at 908. Once a reviewing court decides that a disallowed question was proper, the inescapable fact is that disallowance of the question denied the defendant the ability to intelligently exercise his peremptory challenges. *Nunfio,* 808 S.W.2d at 485. Accordingly, a harm analysis under TEX.R.APP.P. 81(b)(2) is unnecessary, and reversal is required. *Nunfio,* 808 S.W.2d at 485–86; *Lane,* 828 S.W.2d at 766.

The State points out that defense counsel subsequently obtained a commitment from five veniremembers that they would require Mata to prove his innocence, despite the trial court's refusal to allow questions about individual views of reasonable doubt. Defense counsel also obtained commitments from six other veniremembers that they could follow the law and accept that the State had the burden of proof, despite lack of any testimony from Mata. We assume the State is arguing that Mata was thus not prevented from intelligently exercising his peremptory challenges.

Such an argument sidesteps the issue, however. Even if defense counsel struck those veniremembers who would require Mata to prove his innocence, defense counsel had no way to determine how the remaining prospective jurors would apply the burden of proof. Accordingly, we find the trial court abused its discretion in refusing to allow defense counsel to question veniremembers on their views of reasonable doubt.

■ The State urges that Mata has waived his point of error on appeal by failing to follow appellate procedure for presenting the record on appeal and by failing to object to the restriction of voir dire in the trial court.

Mata has presented this court with a complete record of voir dire in this case. Thus, we are able to determine whether the trial court afforded defense counsel any opportunity to question prospective jurors regarding their views on reasonable doubt.

As we have previously stated in this opinion, the record shows the trial court denied defense counsel any such opportunity. Accordingly, because no harm analysis under Rule 81(b)(2) is necessary on this issue, the remainder of the statement of facts would be superfluous. Therefore, Mata did not waive his point of error by failing to provide us the remainder of the record.

■ The State relies on *Sawyers v. State,* 724 S.W.2d 24, 28 (Tex.Crim.App. 1986), *overruled on other grounds, Watson v. State,* 762 S.W.2d 591, 599 (Tex. Crim.App.1988), as support for its proposition that Mata waived his point of error by failing to object to the restriction of voir dire in the trial court. In *Sawyers* the court, the prosecutor, and defense counsel all questioned a prospective juror at some length about whether he could require the trial court to assess the death penalty if the facts of the case so warranted. The veniremember unequivocally stated that he could not do so under any circumstances. Because the trial court found the veniremember undeniably opposed to the death penalty, the court terminated the voir dire examination and excused the juror for cause. 724 S.W.2d at 28–29. At trial defense counsel objected solely to the veniremember being excused for cause. On appeal, however, the appellant raised the court's refusal to allow counsel additional time for voir dire as a ground of error.

Clearly, *Sawyers* is distinguishable from the case before us. First of all, the *Sawyers* court ruled that the appellant's point of error was not preserved for appeal because it was different from the objection made at trial. 724 S.W.2d at 28. Second, in this case, Mata complains that he was prevented from questioning prospective jurors on their views of reasonable doubt, not that he was only given a limited amount of time in which to do so.

We think *Nunfio,* 808 S.W.2d at 484, more adequately addresses the preservation issue we are called upon to decide. In *Nunfio* the trial court granted the portion of the State's motion in limine that directed the defendant not to discuss the occupation or vocation of the complainant during voir

dire. *Id.* at 483. The trial court also refused to allow defense counsel to voir dire veniremembers about that subject through the use of a hypothetical. *Id.* The defendant did not seek to violate the motion or to otherwise preserve for appellate purposes any additional questions he would have asked.

The Court of Criminal Appeals viewed the question posed by defense counsel as critical to the preservation issue. *Id.* at 484. Since the trial court was on notice of the question defense counsel sought to ask and specifically refused to allow it, nothing more was required under the circumstances in order to preserve the issue for appellate review. *Id.*

In the instant case, the trial court was aware that defense counsel sought to question prospective jurors concerning their views on reasonable doubt but refused to allow defense counsel to ask the question. Under *Nunfio,* Mata was required to do no more to preserve the issue for appellate review.

Because we find the trial court abused its discretion in refusing to allow defense counsel to voir dire the venire about their views on reasonable doubt, we sustain this portion of Mata's point of error. In light of our holding with regard to this issue, we deem it unnecessary to consider the remaining subjects raised in the point of error.

We reverse the trial court's judgment and remand for a new trial.