IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-141-CR




LORENZO TORRES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY



NO. 20,469, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of theft of property having a value of $250 or more
but less than $750. Tex. Penal Code Ann. § 31.03 (West 1989 & Supp. 1993). The court
assessed punishment at incarceration for one year and a $500 fine.

 In his first and second points of error, appellant complains that the court abused
its discretion during voir dire by refusing to permit defense counsel to ask if any panel member
would consider the skin color, heritage, or background of a witness in determining the veracity
of his testimony. (1) The State concedes error. We agree with appellant and the State that the
question posed by counsel was a proper one. The court's action was an abuse of discretion that
denied counsel the opportunity to intelligently exercise his peremptory strikes. See Nunfio v.
State, 808 S.W.2d 482 (Tex. Crim. App. 1991); Abron v. State, 523 S.W.2d 405 (Tex. Crim.
App. 1975). Error of this sort is not subject to harm analysis under Tex. R. App. P. 81(b). 
Nunfio, 808 S.W.2d at 485. Points of error one and two are sustained. We need not address
point of error three.

 The judgment of conviction is reversed and the cause is remanded to the county
court at law.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: March 31, 1993

[Do Not Publish]
1. Appellant testified at trial.