**Ronald Wayne BELL**

v.

**The STATE of Texas.**

**No. 09–94–119 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 26, 1994.

Decided Oct. 26, 1994.

David Reynolds, Austin, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Ronald Wayne Bell of possession of marijuana and assessed punishment at five years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a $5,000 fine. At the jury's recommendation, the trial court probated the sentence for five years. Appellant raises six points of error.

Point of error one contends the trial court erred in failing to submit appellant's requested charge on the punishment range. The trial court refused to include "confinement in a community corrections facility for any term not more than one year" in the punishment range. This was part of the punishment range for third degree felony offenses com-

mitted after September 1, 1989. TEX.PENAL CODE ANN. § 12.34(a)(2) (Vernon 1994). This offense occurred May 2, 1991. The State concedes both error and harm. Point of error one is sustained.

■■■ Point of error two contends the trial court erred in failing to include the defense of necessity in the charge. Appellant argues there was evidence at trial that he smoked marijuana "because it's good for relieving stress and depression," curbed his desire for alcohol, made him drunker so he didn't need to drink as much alcohol, and that he preferred to smoke marijuana before driving rather than drink alcohol and drive. "Necessity" justifies conduct if the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; the desirability and urgency of avoiding the harm clearly outweighs, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. TEX.PENAL CODE ANN. § 9.22 (Vernon 1994). Obviously, driving while intoxicated by marijuana is the exact same offense as driving while intoxicated by alcohol. TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 (Vernon Supp.1994). We hold the defense of necessity was not raised by the evidence. Point of error two is overruled.

■■■ Point of error three complains the trial court erred in refusing to allow appellant the opportunity to develop his motion to dismiss the indictment. Point of error four contends the trial court erred in denying his motion to dismiss the indictment. Appellant's motion to dismiss the indictment challenged the constitutionality of TEX.REV.CIV. STAT.ANN. art. 4476–15, § 2.03(d). This article was repealed and codified as TEX.HEALTH & SAFETY CODE ANN. § 481.032(a)(3) (Vernon 1994) before the date of the offense. Appellant and his counsel appeared and participated in the hearing. Although appellant asserts that he "objected throughout the January 4 'hearing' that he had not received the notice prescribed by Art. 28.01, § 2 . . . ." all we find in the statement of facts are repeated assertions that "there has been a totally in-

sufficient amount of time to develop these issues" and statements that it would take a week to put on all of the witnesses they wanted to put on, but that at that time they were not prepared to come forward with any evidence other than a book appellant provided the judge and requested he take judicial notice of. Conspicuously absent from the record of the hearing is any claim that counsel did not receive ten days notice of the hearing. Furthermore, this motion was filed on November 10, 1993, and the hearing was held January 4, 1994. Appellant relies upon TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2 (Vernon 1989), in support of his claim that he did not receive sufficient notice of the hearing. It appears counsel assumed the hearing was held pursuant to a request for a 28.01 hearing, although we find no such request in the record. We note that the judge stated the hearing on the motion to dismiss was not part of a 28.01 hearing, apparently to assure appellant that he would not be precluded from filing further pretrial motions. It appears the 28.01 hearing was held on February 11, 1994. Appellant does not present any claim of error in that hearing.

Appellant presents no argument or authority that the trial court erred in denying his motion to dismiss. We decline to address the point of error because it is inadequately briefed. TEX.R.APP.P. 74(f). Points of error three and four are overruled.

Points of error five and six contend the trial court erred in excusing two venirepersons *sua sponte* without allowing voir dire examination by the defendant. Both venirepersons expressed an immediate and unequivocal bias in favor of the defendant. The trial judge excused the first venireperson before the State made a challenge for cause. Defense counsel asked: "Your Honor, am I not allowed to rehabilitate one?". The judge replied "No." The judge excused the next venireperson, again without a challenge from the State or cross-examination by defense counsel, prompting an objection to "both of these jurors being released without the opportunity to be re-examined."

■■■ A trial objection that the court refused to permit counsel to rehabilitate the

venireperson does not preserve error in an appellate complaint that the trial court excused the juror when no challenge had been made by the State. *Cortez v. State*, 685 S.W.2d 467, 470–471 (Tex.App.—Fort Worth 1985, pet. ref'd). Appellant has waived that aspect of his complaints. The issue of denial of rehabilitation deserves closer scrutiny.

 Appellant argues the trial court improperly restricted his voir dire, citing *Nunfio v. State*, 808 S.W.2d 482 (Tex.Crim.App. 1991). *Nunfio* held that the denial of a proper question which prevents the intelligent exercise of one's peremptory challenges constitutes an abuse of discretion and is not subject to a harm analysis under TEX. R.APP.P. 81(b)(2). *Id.* at 485.[1] The case before us is similar to *Jones v. State*, 843 S.W.2d 487, 496 (Tex.Crim.App.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993), which acknowledged the *Nunfio* rule that "disallowing the questioning of a prospective juror can never be harmless error," but failed to reach the issue because the appellant was never called upon to decide whether to exercise his peremptory challenge against the particular venireman since the State had already struck that venireman. In the case before us, the harm in the judge's erroneous restriction of voir dire is not manifested in the interference with appellant's exercise of his peremptory strikes, because those particular venirepersons were excused from the venire and were not available to be stricken at the time the strikes were made.

The action at issue in these points of error is the excusal of two venirepersons. The harm in the judge's erroneous action is not manifest but must be shown from the record. The erroneous exclusion of a juror is harmful if the State exhausted its strikes, because the court's action would then have the effect of giving the State an additional peremptory strike. *Richardson v. State*, 744 S.W.2d 65

(Tex.Crim.App.1987), *vacated and remanded on other grounds*, 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989). It appears from the record that the State did not use all of its strikes. Likewise, the error is reversible where appellant shows he was tried by a jury to which he had a legitimate objection. *Green v. State*, 764 S.W.2d 242 (Tex.Crim. App.1989). Appellant exercised all of his strikes, but did not request additional strikes, nor did he identify objectionable jurors who sat on the panel. Points of error five and six are overruled.

We sustain point of error one. The judgment of the trial court is reversed and the cause remanded for a new punishment hearing. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1994).

REVERSED AND REMANDED IN PART.

---

1. The Court of Criminal Appeals has distinguished restrictions on voir dire questions to specific jurors from those directed to the entire venire. *Gardner v. State*, 730 S.W.2d 675 (Tex. Crim.App.), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). Where the restrictions do not extend to the entire panel, the defendant must show an impairment in the exercise of his peremptory challenges by exhausting his peremptory challenges and unsuccessfully requesting additional challenges. *Id.* at 690. The Corpus Christi Court of Appeals recently held that this rule applies only to capital murder cases in which peremptory strikes are made as each venireperson is examined. *Bowser v. State*, 865 S.W.2d 482 (Tex.App.—Corpus Christi 1993, no pet.). We do not reach the issue for the reasons expressed in the body of our opinion.