NUMBER 13-99-614-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JESSE MICHAEL ACKERMAN
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 156th District Court


of Live Oak County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden




 Jesse Michael Ackerman, appellant, was convicted of two counts
of delivery of a controlled substance. See Tex. Health & Safety Code
Ann. §§ 481.112 (b) (Vernon 1999) (delivery of less than one gram of
cocaine); 481.120 (a)(3) (Vernon 1999) (delivery of more than one-fourth ounce but less than five pounds of marihuana). By a single
issue, appellant now contends that he was denied effective assistance
of counsel during his trial. We affirm.

 Appellant presents three instances in which he claims he was
denied effective assistance of counsel. We will address each in turn. 

 We review ineffective assistance of counsel claims under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). That test requires the appellant to show that: (1)
counsel's performance fell below an objective standard of
reasonableness under prevailing professional norms; and (2) there is a
reasonable probability that, but for counsel's deficient performance, the
result of the proceeding would have been different. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We examine the
totality of the representation, as reflected in the record, in making this
determination. Id. The appellant bears the burden of proof and the
appellate court applies a strong presumption that counsel's actions fell
within the range of reasonable professional assistance. Id. 

 Appellant's first allegation is that counsel failed to object to a
"reshuffle" of the jury panel after the State's request for a shuffle had
been fulfilled. The record reflects that after the shuffle had been
concluded and the panel had been re-seated, the trial court realized that
an error in the process had occurred. Before any other actions
transpired, the court recessed the proceeding to reshuffle the jury a
second time. Appellant's counsel did not object to the reshuffle. On
appeal, appellant contends that counsel's failure to object amounts to
ineffective assistance of counsel. 

 A second jury shuffle conducted by a trial court has, until recently,
required automatic reversal. See Nunfio v. State, 808 S.W.2d 482, 485
(Tex. Crim. App. 1991). However, the court of criminal appeals has
recently stated that jury shuffle error may be capable of harmless error
analysis in certain circumstances. See Roberts v. State, 978 S.W.2d
580, 580 (Tex. Crim. App. 1998); Cain v. State, 947 S.W.2d 262, 264
(Tex. Crim. App. 1997). In Roberts the court stated that a shuffle which
occurred at the end of voir dire and over appellant's objection might
nevertheless be considered harmless error and remanded the cause to
the court of appeals for harm analysis. Roberts, 978 S.W.2d at 580. 
Here, the alleged error occurred prior to any examination of the jury
panel. The second shuffle was undertaken only to correct an error. 
There is nothing in the record to suggest that the decision to reshuffle
the potential jurors was a "structural" defect of a constitutional
magnitude. Thus, we conclude that the trial court's decision to
reshuffle should be subject to harm analysis. Voir dire error that is not
of a constitutional magnitude is harmful "only if the defendant can
show he was deprived of a lawfully constituted jury as a result of the
error." Jones v. State, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998). 
Here, the record shows that the voir dire of the jury panel did not
commence until the reshuffle had been concluded. In that
circumstance, the trial court's decision to conduct a second shuffle had
no bearing on appellant's ability to select a lawfully-constituted jury. 
Any error resulting from the reshuffle was harmless. Appellant was not
denied effective assistance of counsel by the lack of an objection to the
reshuffle. 

 Next, appellant contends that counsel's failure to make a record
on a post-voir dire conference on strikes for cause amounts to
ineffective assistance because it is impossible for him to show harm in
the jury selection process. 

 There is no requirement that counsel request that a record be kept
of all conferences during the trial of a cause. See generally Tex. R. App.
P. 34.6 (a) & 34.6 (c). Here, counsel chose not to make a record of the
post-voir dire conference. That decision is not objectively unreasonable
and does not per se evidence harm to the defendant. Appellant
contends that the decision was harmful to him because he cannot
show harm in the jury selection process. However, because appellant
has not supplemented the trial record by filing any post-conviction
motions, we have no basis upon which to conclude that appellant
suffered any harm resulting from this decision. See McFarland v. State,
845 S.W.2d 824, 843 (Tex. Crim. App. 1992).(1) 

 Finally, appellant argues that he was not afforded effective
assistance of counsel because counsel: (1) agreed to the State's motion
in limine which precluded voir dire of the jury panel with regard to the
credibility of a State's witness, an undercover police officer who had
been charged with a felony or a crime of moral turpitude; and (2)
announced ready for trial despite the State's failure to comply with the
trial court's order for production of the criminal history of its witnesses. 


 With regard to the first complaint, there is no indication in the
record that counsel considered questioning the jury panel about the
officer's arrest. Such a decision falls within the realm of trial strategy;
we will not review such tactical decisions absent some proof that the
second prong of Strickland is satisfied. There is no indication in the
record that appellant suffered any harm resulting directly from counsel's
decision to not question jurors about the officer's arrest.

 As to the other complaint, there is nothing in the record to show
that appellant's ability to cross-examine the officer about the arrest was
compromised. The State opened the door to the witness's arrest during
its direct examination. Appellant then questioned the witness with
specificity about the arrest. Regardless of the State's failure to comply
with the trial court's discovery order, the record does not show that
appellant was harmed by counsel's decision to announce ready without
having first obtained the officer's arrest record. 

 We find that appellant was afforded effective assistance of counsel
in each of the foregoing instances. Accordingly, we overrule appellant's
sole issue. 

 

 The judgment of the trial court is AFFIRMED.




 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 31st day of August, 2000.

 

1. We note that our disposition of this issue does not preclude
presentation of the same issue in a habeas corpus proceeding after a
sufficient record has been developed. Ex parte Torres, 943 S.W.2d
469, 475 (Tex. Crim. App. 1997).