Opinion issued July 1, 2004
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00469-CR




LONNIE DANIEL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 85th District Court
Brazos County, Texas
Trial Court Cause No. 02-00929-CRF-85




MEMORANDUM OPINION

          The State charged appellant Lonnie Daniel with two counts of aggravated
sexual assault of a child. Daniel entered pleas of not guilty to both counts. The State
abandoned count two of the indictment during trial, and proceeded on count one. The
jury convicted Daniel and assessed punishment at 18 years confinement. Daniel
contends on appeal that the trial court abused its discretion in refusing to permit
defense counsel to ask the venire members: “Could you be fair and impartial in a case
where the victim is an 8-year-old child?” We conclude that the trial court did not
abuse its discretion and therefore affirm.
Standard of Review
          A trial court has broad discretion in determining the propriety of a particular
question during voir dire, and abuses its discretion only if it prohibits a proper
question about a proper area of inquiry. Barajas v. State, 93 S.W.3d 36, 38 (Tex.
Crim. App. 2002); Allridge v. State, 762 S.W.2d 146, 163 (Tex. Crim. App. 1988). 
A trial court acts within its discretion in disallowing questions that attempt to commit
jurors to a particular verdict based upon particular facts. Barajas, 93 S.W.3d at 38. 
Similarly, a trial court acts within its discretion in disallowing questions that are “so
vague or broad in nature as to constitute a global fishing expedition.” Id. at 39.
Propriety of the Proposed Question
          In Barajas, the Texas Court of Criminal Appeals held that the trial court acted
within its discretion in refusing to allow defense counsel to ask “whether the venire
members could be impartial in an indecency case involving a victim who was eight
to ten years old or, in the alternative, a victim who was nine years old.” Id. at 37-38. 
The court determined that inquiries about impartiality could be coupled with each fact
in a given case, and as such, was too vague to constitute a proper question. Id. In so
doing, the Texas Court of Criminal Appeals overruled Nunfio v. State, 808 S.W.2d
482 (Tex. Crim. App. 1991), which had held “that parties may ask whether a venire
member can be impartial under a particular set of facts.” Barajas, 93 S.W.3d at 41. 
The question in this case is comparable to that asked in Barajas, and thus the trial
court properly sustained the objection to it.
          Daniel attempts to distinguish Barajas from this case, contending that the
defendant in Barajas did not raise a Sixth Amendment effective assistance of counsel
claim and that, unlike Barajas, the question in this case was purely hypothetical. Yet,
the question in Barajas sought to elicit the same information and was phrased nearly
identically to the question that the trial court refused to allow in this case. Moreover,
because the question is improper, the trial court’s refusal to allow it does not
implicate Daniel’s Sixth Amendment rights.
          In McFarland v. State, the Texas Court of Criminal Appeals rejected a similar
contention, concluding that the trial court did not deny the effective assistance of
counsel in refusing to allow trial counsel to question the jury regarding knowledge
about the amount of time a convicted felon actually serves on a life sentence. 
McFarland v. State, 928 S.W.2d 482, 505 (Tex. Crim. App. 1996), limited on other
grounds, Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998). We
conclude that the proffered question was not a proper question pursuant to Barajas,
and therefore Daniel’s Six Amendment claim is without merit. See Barajas, 93
S.W.3d at 37; see also McFarland, 928 S.W.2d at 505.
          In addition, Daniel’s representation that Barajas is distinguishable on the basis
that the question in this case is a hypothetical is partly inaccurate. Daniel ignores the
fact that the question in Barajas inquired as to an unidentified victim who was eight
to ten years old or, in the alternative, a victim who was nine years old. Barajas, 93
S.W.3d at 37-38. As the question at issue inquired about a range of ages, the Texas
Court of Criminal Appeals evaluated the propriety of a hypothetical question in
Barajas, and Daniel’s attempt to distinguish this case on the basis that Barajas did
not involve a hypothetical question is without merit.




Conclusion
          Following Barajas, we conclude that Daniel’s proffered venire question was
improper and thus the trial court did not abuse its discretion in refusing to allow it. 
We therefore affirm the judgment of the trial court.
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Bland.
Do not publish. Tex. R. App. P. 47.2(b).