**William Stewart JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–02–00063–CR, 05–02–00064–CR.**

Court of Appeals of Texas, Dallas.

May 6, 2003.

Rehearing Overruled June 13, 2003.

---

Nathan Kight, Robert Udashen, Sorrels & Udashen, Dallas, Darlina Barraza Crowder, Gregory T. Brewer, McKinney, for appellant.

John Roach, Criminal District Attorney, Jeffrey Garon, Assistant Criminal District Attorney, McKinney, for the State.

Before Justices WHITTINGTON, MOSELEY, and FRANCIS.

## OPINION

Opinion by Justice MOSELEY.

A jury convicted William Stewart Jones on two counts of aggravated assault with a deadly weapon and assessed punishment, enhanced by a previous felony conviction, at forty years confinement for each count. Jones appeals. In twelve issues, he asserts the trial court erred by: not declaring a mistrial; not quashing the indictments; incorrectly charging the jury in both the guilt-innocence and the punishment stages of the trial; erroneously allowing evidence to be admitted; and failing to have him enter a plea to the enhancement paragraph. We affirm.

## BACKGROUND

Shortly after midnight on January 29, 2000, Lisa Brown and her cousin, Timothy Hardin, were traveling west on U.S. Highway 380 in Collin County. Traveling east on Highway 380, Jones turned left immediately in front of Brown without signaling, causing his truck to collide almost head-on with her car. The impact of the collision killed Hardin, broke Brown's right leg, and shattered her ankle.

## MISTRIAL

■ In his first issue, Jones asserts the trial court erred by denying his motion for mistrial when the State improperly introduced evidence that Jones had taken and failed an invalid breath test after his arrest. After voir dire, in a hearing outside the presence of the jury, the court considered Jones's motion in limine requesting that the court prohibit the State from making any reference to the breath test. The State admitted the results of the test were invalid, but it believed the fact that a breath test was given was admissible. The court reserved its ruling.

During direct examination, the following exchange occurred between the State and the arresting officer:

[State]. So he gave a breath specimen at that point?

[Officer]. Yes, he did.

[State]. And at that time, did everything seem okay, the testing procedure?

[Officer]. Yes, sir.

[State]. And later what did you find about the breath test results?

[Officer]. The technical supervisor said that in their opinion that the breath test was invalid.

At trial, Jones objected on the basis that the above testimony violated his motion in limine and requested a mistrial. After

initially reserving a ruling, the court instructed the jury that "the breath test was invalid from the beginning. So, in effect, there was none." Prior to the start of testimony the following day, the trial court, in a hearing outside the presence of the jury, again considered the issue of the invalid breath test and denied Jones's request for a mistrial.

On appeal, Jones asserts the State improperly introduced the breath test after it agreed it would not do so. Jones specifically complains the State violated its agreement by eliciting the preceding testimony from the officer who arrested Jones. Jones reconciles the difference between his objection at trial and his complaint before us by explaining that his motion in limine was not "truly a motion in limine." As such, his true objection at trial really went to "the State's violation of its agreement not to introduce evidence concerning the breath test taken by [Jones]." Citing *Nunfio v. State*, 808 S.W.2d 482 (Tex.Crim.App.1991), *overruled on other grounds by Barajas v. State*, 93 S.W.3d 36 (Tex.Crim.App.2002), Jones implicitly argues he preserved this issue for our review because his true objection at trial is the same as the issue he complains of on appeal.

■ We find Jones's implicit argument unconvincing. Whether Jones's motion in limine was "truly a motion in limine" is not relevant to our analysis, so we offer no opinion on whether Jones's contention is correct. If a party asserts a different complaint on appeal than its objection made at trial, the party waives the issue. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim.App.1990). Jones reliance on *Nunfio* is misplaced because *Nunfio* does not eliminate or provide an exception to this general rule. *Nunfio* only provides a narrow exception to the general rule that a party, to preserve error, needs to re-urge an objection at trial when it received an ad-

verse ruling on a motion in limine. 808 S.W.2d at 484. No party argues this error was not preserved because Jones failed to object; only that Jones waived this issue because his expressed objection at trial, a violation of his motion in limine, does not comport with his complaint, improper introduction of evidence, on appeal. *See Rezac*, 782 S.W.2d at 870.

■ Moreover, an objection at trial needs to be timely to preserve error for our review. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App.1997). In order to be considered timely, the objection must be made at the first opportunity or as soon as the basis of the objection becomes apparent. *Id.* Unless the defendant can show a legitimate reason for not timely objecting, error is waived if an objection is made after the State has elicited the improper testimony. *Id.* Jones did not object until after the officer's last response stated above. However, the basis for Jones's objection became apparent after the State's first question; thus, by waiting, Jones failed to timely object. *See id.* Jones also has not shown any legitimate reason for his failure to timely object. *See id.* Consequently, Jones has waived this issue for two reasons: (1) his failure to timely object; and (2) because his objection at trial does not comport with his complaint on appeal. *See id.; Rezac*, 782 S.W.2d at 870; *see also* TEX.R.APP. P. 33.1.

■ Assuming, however, the trial court erred and that error was not waived, we would nevertheless conclude the error was harmless. *See* TEX.R.APP. P. 44.2(b); *see also Schutz v. State*, 63 S.W.3d 442, 443 (Tex.Crim.App.2001). A violation of the evidentiary rules that results in the erroneous admission of evidence is non-constitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). It is well-established that the improper admission of evidence does not constitute

reversible error if the same facts are proved by other properly admitted evidence. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex.Crim.App.1999) (holding any error in admission of hearsay testimony was harmless in light of other properly admitted evidence proving same fact). In addition to the breath test, there is ample evidence in the record that supports the State's contention that Jones was intoxicated. Furthermore, we are left with the fair assurance that the State's elicitation from the officer about the invalid breath test did not influence the jury, or influenced the jury only slightly. *See Schutz*, 63 S.W.3d at 443. Accordingly, we resolve Jones's first issue against him.

### INVALID INDICTMENTS

■ Jones's second through fifth issues are interrelated, so we address them together. In two issues, Jones asserts the trial court erred by denying Jones's motion to quash the indictments. Specifically, he complains the indictments were defective because they did not provide Jones with effective notice of how he allegedly acted recklessly. In Jones's other two related issues, he asserts the trial court also erred because the jury charge included the verbatim language from the putatively defective indictments.

■ When the State alleges recklessness as an element of an offense, the indictment must identify with sufficient certainty the acts the accused committed recklessly so the accused has effective notice. *State v. York*, 31 S.W.3d 798, 801 (Tex.App.-Dallas 2000, pet. ref'd); *see also* TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). When reviewing a trial court's ruling on a motion to quash, we will not reverse unless the court abuses its discretion. *York*, 31 S.W.3d at 800–01; *see also Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim.App.1981) (op. on reh'g) (en banc).

A trial court abuses its discretion by denying a motion to quash only if the language of the indictments is so vague or indefinite as to provide no effective notice on how the accused's acts were committed recklessly. *York*, 31 S.W.3d at 800–01; *see also Thomas*, 621 S.W.2d at 163.

In this case, the indictments alleged Jones recklessly operated his truck by driving it while intoxicated and by failing to yield the right of way when he turned into Brown's car. We conclude the indictments identified with sufficient certainty Jones's acts; thus, he had effective notice on how he allegedly acted recklessly. *Compare Crume v. State*, 658 S.W.2d 607, 609 (Tex.Crim.App.1983) (holding sufficient notice; defendant "caused his vehicle to collide with the victim by failing to guide his vehicle away from the victim"), *with Cole v. State*, 556 S.W.2d 343, 344 (Tex.Crim.App.1977) (holding insufficient notice; defendant "permitted or suffered a motor vehicle under his control to collide and be in a collision with another motor vehicle"). Accordingly, the trial court did not abuse its discretion by denying Jones's motion to quash; therefore, we resolve Jones's second and third issues against him. *See York*, 31 S.W.3d at 801; *see also Thomas*, 621 S.W.2d at 163. Furthermore, because the indictments were sufficiently certain, we conclude the trial court did not err by including the language of the indictments in the charge. As such, we resolve Jones's fourth and fifth issues against him. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App.1994).

### ADMISSION OF EVIDENCE

In three issues, Jones asserts the trial court erred by admitting inadmissible evidence. Specifically, he asserts in issues six and seven, respectively, that the trial court erred by allowing a witness to testify in the guilt-innocence phase of the trial

about Jones's mental condition on the morning in question and by admitting four of the State's exhibits: x-rays of Brown's right leg and foot. Additionally, Jones asserts in issue ten that the trial court erred in the punishment phase of the trial by admitting ten autopsy photographs of Bill Faust, a person whom Jones had previously been convicted of murdering in 1975.

 The admission of evidence is a matter within the discretion of the trial court. *Montgomery v. State,* 810 S.W.2d 372, 378 (Tex.Crim.App.1990). Accordingly, we review the trial court's admission of evidence under an abuse of discretion standard. *Id.* at 379–80. As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion, and we must uphold the trial court's ruling. *Id.* at 391 (op. on reh'g).

 A witness, Judith Kresich, testified Jones used her cell phone at the scene of the accident, but that Jones could not dial the numbers on the phone. The State, trying to establish Jones was intoxicated, asked Kresich about her opinion concerning Jones's mental condition. Jones's counsel objected, "There's no foundation been laid that she should have anything— it's speculative opinion about [Jones's] mental condition." On appeal, he asserts Kresich's testimony violated rules of evidence 701 and 602. Again, because Jones's objection at trial does not comport with his complaint on appeal, he has failed to preserve any error. *Rezac,* 782 S.W.2d at 870; *see also* Tex.R.App. P. 33.1.

 Further, any complaint concerning the admission of evidence is waived when a party fails to object to the same or similar evidence admitted at another point in the trial. *Massey v. State,* 933 S.W.2d 141, 149 (Tex.Crim.App.1996). After the State asked the above objected-to question, it asked a similar question on whether in Kresich's opinion Jones had been drinking. Kresich answered without any objection. By not objecting to the State's second question and its answer, Jones has waived this issue. *See id.* Even if Jones had preserved this issue, Kresich was allowed to provide a lay opinion on whether Jones was intoxicated because she saw Jones a short time before the accident at a bar and then she talked to and observed Jones at the accident scene. *See Webster v. State,* 26 S.W.3d 717, 724–25 (Tex.App.-Waco 2000, pet. ref'd). Because Jones has not preserved error, we resolve issue six against him.

 Jones also complains the trial court erred in admitting, through Brown, four x-rays of her injured right leg and foot. Jones argues that no foundation had been laid by the State for the admission of the x-rays because the State failed to show Brown was an expert in taking or reading x-rays.

The State argues that Jones has failed to preserve this issue for our review. It specifically asserts the trial court did not rule on Jones's objection and that Jones's objection did not draw the court's attention to Jones's specific conditional complaint. Turning to the State's first assertion, we agree with the State that the trial court did not expressly overrule Jones's objection; however, the court responded to the objection by stating "all right" and then immediately admitting the x-rays. The court's actions implicitly overruled Jones's objection; thus, the error, if any, was preserved. *See Maibauer v. State,* 968 S.W.2d 502, 505 (Tex.App.-Waco 1998, pet. ref'd) (finding trial court implicitly overruled objection by admitting evidence); *see also* Tex.R.App. P. 33.1. This issue was also preserved because Jones's objection was sufficiently specific to draw the court's attention to his complaint. *See* Tex.R.App.

P. 33.1. Thus, we turn to the merits of Jones's complaint.

 For the purposes of their admission, x-rays are treated as photographs. TEX.R. EVID. 1001(b). If a witness has personal knowledge that x-rays accurately represent the scenes or events they purport to portray, then the offering party has laid proper foundation for the x-rays' admission, whether or not the witness took them. *See Kelley v. State,* 22 S.W.3d 642, 644 (Tex.App.-Waco 2000, no pet.) (holding witness need not have taken photograph or even been at scene when photograph was taken to have sufficient personal knowledge to authenticate photograph); *see also* TEX.R. EVID. 901(b)(1). Additionally, depending on the nature of the scenes or events being portrayed, a witness does not necessarily need to be an expert in reading and interpreting x-rays to lay a proper foundation for the admission of them. *See Hall v. State,* 153 Tex. Crim. 215, 219 S.W.2d 475, 477 (1949). Nevertheless, we caution that a trial court could potentially abuse its discretion by admitting witnesses' x-rays through them, because lay witnesses, even if the x-rays are their own, may not have the requisite personal knowledge to state the x-rays accurately represent the scenes or events they purport to portray.

However, that is not the situation in this case. The x-rays in question were taken before and after the required surgeries, inserting a plate and screws, to treat Brown's broken leg and shattered ankle. Because Brown knew about her injuries and the treatment and because the plate and screws were clearly evident in the x-rays, we conclude she had the requisite personal knowledge to state the x-rays accurately represent her injuries and the medical treatment she received. *See id.* Having concluded Brown had the requisite personal knowledge, we further conclude

the trial court did not abuse its discretion because its ruling to admit the x-rays was within the "zone of reasonable disagreement." *See Montgomery,* 810 S.W.2d at 391. Consequently, we resolve Jones's seventh issue against him.

 In his final issue challenging the admissibility of evidence, Jones asserts the trial court erred during the punishment phase by admitting gruesome autopsy photographs of Faust. Specifically, Jones complains the probative value of the photographs was substantially outweighed by the danger of unfair prejudice.

 The trial court has broad discretion to admit evidence it considers relevant to sentencing, including admitting a defendant's criminal record. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp.2003); *Davis v. State,* 68 S.W.3d 273, 282–83 (Tex.App.-Dallas 2002, pet. ref'd). The punishment evidence must assist the fact finder to assess an appropriate sentence to be relevant. *Rogers v. State,* 991 S.W.2d 263, 265 (Tex.Crim.App. 1999). However, if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, a trial court abuses its discretion by admitting the evidence. *See id.; see also* TEX.R. EVID. 403.

We agree with the State that Jones's murder conviction was relevant to his sentencing. Yet, we disagree with the State's contention that the autopsy photographs "were integral to an understanding of [Jones's] prior criminal actions." The photographs have some probative value, showing the manner of Faust's death and the number of wounds he sustained. *See Long v. State,* 823 S.W.2d 259, 274 (Tex. Crim.App.1991). Nevertheless, besides the objected-to photographs, the record also includes Jones's penitentiary pack, testimony of Faust's brother, testimony

from the medical examiner who performed the autopsy, and the autopsy report to establish the murder conviction and the extreme violence associated with the murder. Furthermore, Jones pled true to the murder conviction. With all the other evidence establishing the violent nature of the murder, the State did not need the photographs to assist the jury in understanding Jones's prior criminal actions. *See id.* at 274–75. Therefore, we conclude the danger of unfair prejudice caused by the gruesomeness of the photographs substantially outweighed their slight probative value because the photographs had the potential to irrationally focus the jury on Jones's murder conviction instead of his two aggravated assault convictions. *See id.* at 275 (concluding prejudicial effect of autopsy photographs admitted after defendant pled guilty substantially outweighed the photographs' probative value because they were gruesome and cumulative of other evidence); *cf. Potter v. State,* 74 S.W.3d 105, 113 (Tex.App.-Waco 2002, no pet.) (finding prejudicial effect of morgue photograph of second shooting victim, for whose murder the defendant was not on trial, substantially outweighed probative value of photograph). Thus, the trial court abused its discretion by admitting them. *See Rogers,* 991 S.W.2d at 265.

 The above error constitutes non-constitutional error; thus, we must disregard it unless it affected Jones's "substantial rights." Tex.R.App. P. 44.2(b); *Potter,* 74 S.W.3d at 113–14. An error affected a substantial right "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King,* 953 S.W.2d at 271. Thus, we affirm a criminal conviction despite non-constitutional error if, after examining the record as a whole, we are left with the fair assurance that the error did not influence the jury, or influenced the jury only slight-

ly. *Schutz,* 63 S.W.3d at 443 (citing *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim.App.2000); *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998)). *See also O'Neal v. McAninch,* 513 U.S. 432, 438, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (error must be treated as harmful if "grave doubt" exists as to whether it had a "substantial and injurious effect or influence" upon the jury). We analyze the whole record to determine if the trial court's error had no or only a slight effect on the jury's decision; thus, we may consider the trial court's instructions to the jury and the parties' closing arguments. *Schutz,* 63 S.W.3d at 444. We consider all the evidence, the nature of the evidence supporting the sentence, and the character of the error and its relationship to other evidence to determine if the error substantially affected appellant's rights. *See Morales,* 32 S.W.3d at 867.

The properly admitted testimony of the medical examiner ostensibly established the violent nature of the murder. The medical examiner explained he believed Jones fired the first shot, at very close range, into the back of Faust's head. After the first shot, Jones shot Faust four more times. Jones also stabbed Faust more than thirty times, thirteen in the head and neck and twenty times in the chest with five directly into Faust's heart. Further, in a statement to the police at the time of the murder, Jones stated he shot Faust, drove off, and then returned to inflict the stab wounds. The medical examiner's testimony and Jones's statement, not the autopsy photographs, established how callously Jones murdered Faust.

Although Jones admitted to the murder, his recollection of it was very "foggy." Countering Jones's "foggy" recollection, the State, in a single reference in closing argument, referred to the autopsy photographs to question how a person could

have a "foggy" recollection after committing such a violent crime, especially when Jones testified that the murder haunts him daily. Contrary to the State's use of the photographs to question Jones's recollection, Jones's counsel, however, emphasized the potential prejudicial nature of the photographs twice during his closing argument, first at the beginning and then at the end of his argument. In addition to the emphasis in closing argument, Jones's counsel also emphasized the prejudicial nature of the photographs during his direct examination of Jones.

Considering the record as a whole, including all the evidence presented, the nature of the evidence supporting the sentence, the character of the error and its relationship to other evidence, the instructions of the court, and closing argument, we are left with the fair assurance that the trial court's error did not influence the jury, or influenced the jury only slightly. *See Schutz*, 63 S.W.3d at 443. Thus, we conclude the trial court's error did not have a substantial and injurious effect or influence in determining the jury's sentence, and did not affect Jones's substantial rights. Therefore, we disregard the trial court's non-constitutional error as harmless. *See* TEX.R.APP. P. 44.2(b); *Long*, 823 S.W.2d at 275; *Potter*, 74 S.W.3d at 115. We resolve issue ten against Jones.

## REASONABLE DOUBT INSTRUCTION

In his eighth and ninth issues, Jones complains the trial court reversibly erred in failing to instruct the jury, *sua sponte*, that, before it could use extraneous offense evidence against him, it must first find beyond a reasonable doubt that Jones committed the offenses. Failure to give a reasonable doubt instruction on extraneous offenses/bad acts was error. *See Huizar*

*v. State*, 12 S.W.3d 479, 480 (Tex.Crim. App.2000).

Jones did not object to the court's failure to give the instruction, so we need to determine whether the error was so egregious and created such harm that Jones did not receive a fair and impartial trial. *Ellison v. State*, 86 S.W.3d 226, 228 (Tex. Crim.App.2002). Egregious harm consists of errors that affect the very basis of the case or deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for prosecution or punishment clearly and significantly more persuasive. *Saunders v. State*, 817 S.W.2d 688, 692 (Tex.Crim.App.1991). In making this determination, we examine: (1) the entire charge; (2) the state of the evidence, including any contested issues; (3) arguments of counsel; and (4) any other relevant information. *Breckenridge v. State*, 40 S.W.3d 118, 124 (Tex.App.-San Antonio 2000, pet. ref'd). The harm that must be considered is the impact of the omission in the jury charge of a reasonable-doubt instruction. *Ellison*, 86 S.W.3d at 228.

Initially, we note article 37.07, section 3(a)(1) does not require a reasonable doubt instruction for prior convictions. *Sanders v. State*, 69 S.W.3d 690, 693 (Tex.App.-Texarkana 2002, pet. dism'd, untimely filed); *see also Batiste v. State*, 73 S.W.3d 402, 407 (Tex.App.-Dallas 2002, no pet.). Thus, the trial court was not required to give a reasonable doubt instruction for Jones's murder conviction or for his two other convictions: a DWI and an unlawful carrying a weapon conviction in 1975. Besides these convictions, however, the State offered evidence of other extraneous bad acts during the punishment phase, including Jones's failure to appear at his first trial date for this case, two other arrests for DWI, a physical altercation with an ex-wife, and an incident of public urination.

The court was required to give a reasonable doubt instruction for these extraneous bad acts and erred by failing to do so.

However, after reviewing the record in this case, we cannot conclude the trial court's failure to give a reasonable doubt instruction for these other extraneous bad acts deprived Jones of a fair and impartial trial. *See Ellison*, 86 S.W.3d at 228. Jones's counsel, in his closing argument, told the jury that the burden was on the State to prove the extraneous offenses and that the presumption of innocence still applies in the punishment phase of the trial. Moreover, the jury assessed punishment far below the maximum punishment available, despite the State's plea for the maximum. *See Batiste*, 73 S.W.3d at 408. Therefore, we conclude Jones did not suffer egregious harm and, accordingly, resolve issues eight and nine against Jones.

### PLEA TO THE ENHANCEMENT PARAGRAPH

When an indictment includes a prior conviction for enhancement purposes only, the enhancement paragraph is read to the jury at the beginning of the punishment phase with the defendant immediately entering a plea following the reading of the paragraph. *See* TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1), (2) (Vernon Supp.2003). In his last two issues, eleven and twelve, Jones complains the trial court erred by failing to have Jones immediately enter a plea to the enhancement paragraph, the murder conviction, following its reading to the jury. Jones did not enter his plea until he testified the morning after the enhancement paragraph was read. However, Jones neither objected nor requested a new trial due to the court's failure of having Jones immediately entering a plea. Consequently, Jones has waived issues eleven and twelve, and we resolve them against him. *See Hardin v. State*, 951

S.W.2d 208, 211 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *see also Reese v. State*, 481 S.W.2d 841, 842 (Tex.Crim.App. 1972); *Cox v. State*, 422 S.W.2d 929, 930 (Tex.Crim.App.1968).

Having resolved all of Jones's issues against him, we affirm the judgment of the trial court.