In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-354 CR


____________________



ANTHONY WHITMILL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 22941






MEMORANDUM OPINION


 A jury convicted Anthony Whitmill of robbery and sentenced him to eighteen years'
confinement in the Texas Department of Criminal Justice, Institutional Division. The jury
further assessed a fine of $2,000. Following the trial, appellate counsel was appointed. 
Counsel filed an Anders' brief and a motion to withdraw. This court found arguable error
and accordingly abated the appeal and remanded the cause to the trial court with
instructions to appoint other counsel. See Whitmill v. State, No. 09-02-354-CR (Tex. App.
--Beaumont Oct. 22, 2003, no pet.)(not designated for publication), 2003 WL 22410381. 
Five issues are raised on appeal.

 Appellant's first issue contends the trial court erred in failing to give a reasonable
doubt instruction as to extraneous-offense evidence admitted during the punishment phase. 
Before evidence was presented in the punishment phase, appellant pleaded true to an
enhancement paragraph in the indictment for the offense of burglary of a building. Then,
during the punishment phase, the State offered into evidence Exhibits 4 through 31,
identified as "judgments that were issued out of the County Court or County Court at Law
regarding Anthony Whitmill as a defendant." The State also entered Exhibits 32 and 33
into evidence, identified as "certified copies of judgments from the District Court in
Causes styled the State of Texas versus Anthony Wayne Whitmill." (1)
 

 Article 37.07, section 3(a)(1) does not require a reasonable doubt instruction for
prior convictions. Tex. Code Crim. Proc. Ann. art. 37.07, §3(a)(1) (Vernon 2003);
Sanders v. State, 69 S.W.3d 690, 693 (Tex. App.--Texarkana 2002, pet. dism'd, untimely
filed). See also Jones v. State, 111 S.W.3d 600, 609 (Tex. App.--Dallas 2003, pet. ref'd);
Willover v. State, 84 S.W.3d 751, 753 (Tex. App.-- Houston [1st Dist.] 2002, pet. ref'd). 

Consequently, there was no error in failing to give such instruction.

 The State also introduced into evidence testimony from Yolanda Frazier. Frazier
testified "he [Whitmill] never hit me. There was one incident where he threw me up
against the wall . . .." Frazier also testified she sought a protective order against
Whitmill. Frazier related she received a letter from him in October of 2001 that caused
her to fear for her safety and the safety of her children and that she was afraid of him. 

 We agree, and the State concedes, the trial court erred in failing to give a
reasonable doubt instruction as to this evidence. See Huizar v. State, 12 S.W.3d 479, 484
(Tex. Crim. App. 2000). However, because appellant did not request such an instruction
or object to its omission from the charge, the error is reversible only if it is egregious. See
id. at 484-85; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on
reh'g). Egregious harm "is present whenever a reviewing court finds that the case for
conviction or punishment was actually made clearly and significantly more persuasive by
the error." Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). In
determining whether the error was egregious, "we examine: (1) the entire charge; (2) the
state of the evidence, including any contested issues; (3) arguments of counsel; and (4) any
other relevant information." Jones, 111 S.W.3d at 609.

 The State did refer to Frazier's testimony but not to the extent that we could fairly
say it was "argued" during punishment. The offense was enhanced by a prior conviction
and evidence of numerous other offenses was admitted without objection. The range of
punishment was five to ninety-nine years or life. The State did not seek a certain sentence,
but asked the jury "to consider sentences that are much higher than a mere five-year
sentence in this case." The jury's sentence of eighteen years is on the "lighter" side of
ninety-nine years. Accordingly, we cannot say that in light of the entire record the error
in the jury instruction denied Whitmill a fair and impartial trial at the punishment phase. 
Haley v. State, 113 S.W.3d 801, 815 (Tex. App.--Austin 2003, pet. filed). Issue one is
overruled.

 Issue two claims trial counsel was ineffective in failing to request a reasonable doubt
instruction regarding the extraneous offenses at punishment. Our discussion above reveals
that Whitmill has not satisfied the second prong of Strickland -- that but for counsel's
error, the outcome would have been different. See Labonte v. State, 99 S.W.3d 801, 803
(Tex. App.--Beaumont 2003, pet. ref'd), cert. denied, 72 U.S.L.W. 3245, 124 S.Ct. 335,
157 L.Ed.2d 229 (2003) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984)). Issue two is overruled.

 Issues three and four contend the evidence was legally and factually insufficient to
support a conviction for robbery. Appellant's brief only points out that the evidence was
disputed as to whether Whitmill caused Debra Lowe harm. See Tex. Pen. code Ann. 
§ 29.02(a)(1) (Vernon 2003). Lowe testified she felt the wind was knocked out of her and
she felt a sharp pain. Lowe further testified she sought treatment the next day and was
prescribed pain medication. Detective Mike Shirley and Officer Randy Stallard both
testified they observed Lowe immediately after the incident. Detective Shirley testified
Lowe was obviously in pain and having trouble breathing. Officer Stallard testified Lowe
was holding her ribs on the left side.

 Viewing all of the evidence in the light most favorable to the prosecution, we find
any rational trier of fact could have found beyond a reasonable doubt that Whitmill caused
Lowe bodily injury. See Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000). 
Further, considering all the evidence in a neutral light, both for and against the jury's
finding, we find the proof Whitmill caused Lowe bodily injury is not so obviously weak
as to undermine confidence in the verdict, nor is that proof greatly outweighed by contrary
evidence. See Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App.
April 21, 2004); Vodochodsky v. State, No. 74129, 2004 WL 840121, at *6 (Tex. Crim.
App. April 21, 2004). Issues three and four are overruled.

 Appellant's final issue contends the trial court erred in refusing to allow Appellant's
attorney to cross-examine Debra Lowe and James Hartsfield regarding their bias,
prejudice, and possible motive to testify against him. Defense counsel sought to cross-examine Lowe and Hartsfield regarding their termination from Save-a-Lot for theft and any
ill-will they had toward Whitmill because he knew they had been stealing from the store. 
According to counsel, Whitmill would testify that he made allegations to others that Lowe
and Hartsfield were stealing from the store, apparently leading to their termination.

 Whitmill testified that meat was being stashed in the dumpster and said Lowe's
problem with him was that he was eating the hidden meat. Whitmill stated Lowe was fired
from the store. Whitmill said that on the night in question, when he approached the exit,
"they [Lowe and Hartsfield] were watching me. And - - but I also knew that what was
going on there, you know - - they're, you know, stealing a lot more than I guess five or
ten shoplifters put together, you know, just the inside situation. And, I mean, I wasn't
expecting her [Lowe] to say much, say anything. Because why would she draw heat on
herself like that." According to Whitmill, "She [Lowe] knew I knew about what was
going on inside the store." On cross-examination, Whitmill revealed he had heard those
employees were subsequently terminated by the store. Whitmill agreed that meant they
did not owe the store any loyalty but speculated that once they told a lie, they had to "stick
to it." Whitmill did not testify that he made allegations regarding Lowe or Hartsfield to
anyone else. 

 The record reveals that both Lowe and Hartsfield were terminated from Save-A-Lot
for theft. (2) However, Lowe testified she did not know if Whitmill had knowledge of her
and Hartsfield's alleged theft. Likewise, Hartsfield testified he did not know if Whitmill
knew or claimed to have known about the alleged theft. 

 "The general rule is that either party is entitled, subject to reasonable restrictions
placed by the trial judge, to show any relevant fact which would or might tend to establish
ill feeling, bias, motive, interest or animus on the part of any witness testifying against
him." London v. State, 739 S.W.2d 842, 846 (Tex. Crim. App. 1987). To demonstrate
the proffered testimony is relevant to the issue of bias or prejudice, "[w]hat first must be
established is a specific connection between the witness' testimony and the cause,
disclosing an actual bias or motive. . . ." Willingham v. State, 897 S.W.2d 351, 358 (Tex.
Crim. App. 1995). See also Crenshaw v. State, 125 S.W.3d 651, 654 (Tex. App.--
Houston [1st Dist.] 2003, pet. ref'd).

 There was no evidence of Whitmill's alleged role in Lowe's and Hartsfield's 
termination from Save-a-Lot. Thus, no nexus was established between the testimony of
Lowe and Hartsfield and their termination, and no actual bias or motive was shown. 
Accordingly, we cannot say the trial court erred in refusing to admit the testimony. See
Tex. R. Evid. 608(b); 613(b). Issue five is overruled. 

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on April 12, 2004 

Opinion Delivered May 19, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Ed Jones, the County Attorney of Angelina County since 1981, testified that his
office prosecutes all misdemeanor cases in Angelina County that are filed in the Justice of
Peace and County Courts. Jones testified he knew Whitmill "from having seen him in the
County Court of Law court of Angelina County on several occasions." Jones further
testified that to his knowledge, his office had not ever dealt with any other individuals
named Anthony Whitmill besides the defendant. Jones stated, "I'm not familiar with their
being another Anthony Whitmill that's come into the court." Because trial counsel
affirmatively stated "no objection" to these exhibits, their admissibility is not in question
on appeal. Nor do we have an issue raised as to whether the State met its burden to
adequately identify the defendant as the person who was convicted of the crime at an
earlier date. See Sanders v. State, 69 S.W.3d 690, 693-94 (Tex. App.--Texarkana 2002,
pet. dism'd, untimely filed), and cases cited therein. 

2. Tammy Brena, who was also present that night and testified for the State, was
likewise terminated for theft.