Opinion issued March 6, 2008






 





 






In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00048-CR
   



GEORGIA LYNN MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1053395




MEMORANDUM OPINION
          Appellant, Georgia Lynn Marshall, appeals from a judgment sentencing her to
12 years in prison for aggravated sexual assault of a child. See Tex. Penal Code
Ann. § 22.021(a)(1)(B) (Vernon Supp. 2007). Appellant pleaded not guilty to the
jury; the jury found her guilty and determined the sentence. In two issues, appellant
contends that the trial court committed harmful error by failing to instruct the jury sua
sponte that an unadjudicated extraneous offense must be proved beyond a reasonable
doubt before the jury can consider it in determining the sentence. We conclude that
the trial court erred by not instructing the jury on the law of unadjudicated extraneous
offenses, but that the harm is not egregious. We affirm.
Background
          Landon Pyland and appellant were married in 1999. Their union produced a
son, complainant, who was born later that year. When the couple separated in May
2000, appellant received custody of complainant. Pyland soon noticed signs of abuse
to complainant.
          When Pyland noticed abuse in November 2005, complainant told him that Jerry
Pyeatt, appellant’s boyfriend, injured him while appellant was present. In the
subsequent investigation, Lisa Holcomb, who interviewed complainant at the
Children’s Assessment Center, learned from complainant that he participated in
sexual conduct with appellant. Complainant said that, more than once, complainant’s
sexual organ touched appellant’s sexual organ. Complainant said Pyeatt was in the
room during a sexual encounter and “made me [complainant] do it.”  
          At trial, in addition to describing the sex acts with appellant, complainant
testified that he was called into a room to watch Pyeatt have sexual intercourse with
appellant. He also said Pyeatt had him watch sexually explicit movies. Also at trial,
complainant’s therapist described her treatment of complainant. In her testimony in
the guilt-innocence phase of trial, appellant denied that she had sexual contact with
complainant. Appellant acknowledged that complainant walked in on her when she
was having sex with Pyeatt, but said she told him to leave. 
          After the jury found appellant guilty, the State rested after re-offering the
evidence admitted in the guilt-innocence phase of trial. Appellant then testified in the
sentencing phase of trial. In her direct testimony, appellant said that she had no
criminal record and was a good candidate for community supervision. During cross-examination by the State, appellant was questioned about the purported sexual assault
of another child, appellant’s seven-year-old nephew. Only one other witness testified
in the sentencing phase of trial. Appellant’s sister-in-law testified that appellant was
a suitable candidate for community supervision.
          The trial court’s charge to the jury in the sentencing phase of trial failed to
instruct the jury that the State must prove extraneous offenses beyond a reasonable
doubt. Appellant did not object to the court’s charge, nor did she request any
instructions.
Burden of Proof Instruction
for Unadjudicated Extraneous Offense Admitted in Sentencing Phase

          In two issues, appellant contends that the trial court committed harmful error
in the sentencing phase of trial by failing to sua sponte instruct the jury that it could
not consider evidence of an extraneous offense unless it first determined that the
commission of the extraneous offense was proven beyond a reasonable doubt.
A. Standard of Review for Charge Error
          In determining whether there is reversible error due in the jury charge, we first
decide whether error exists, and if error exists, then we determine whether the
defendant was harmed. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App.
2003); Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). Jury
charge error to which the defendant did not object is not harmful and does not require
reversal unless the error is so egregious that the defendant is denied a fair and
impartial trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). 
Here, appellant did not object to the jury charge, and thus, if the charge was
erroneous, we must apply the egregious harm standard. See id. The degree of harm
must be evaluated in light of the entire record. See id. Under the “egregious harm”
standard, we review alleged charge error by considering (1) the entirety of the charge
itself, (2) the evidence, (3) the arguments of counsel, and (4) other relevant
information revealed by the record. See Sanchez v. State, 209 S.W.3d 117, 121 (Tex.
Crim. App. 2006); Almanza, 686 S.W.2d at 171. 
B. Extraneous Offense Burden of Proof Charge is Required in Sentencing Phase
          A charge must distinctly set forth the law applicable to the case. See Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). In the sentencing phase of trial,
any matter the court determines relevant to determining the sentence is admissible. 
See id. art. 37.07 § 3(a)(1) (Vernon Supp. 2007).


 When evidence of an
unadjudicated extraneous crime or bad act is introduced in the sentencing phase of
trial, the jury must be instructed that it cannot consider that evidence unless it first
determines beyond a reasonable doubt that the conduct occurred. Huizar v. State, 12
S.W.3d 479, 483–85 (Tex. Crim. App. 2000). The trial court is required to give the
instruction to the jury as the law of the case. See id. A defendant’s failure to object
to the jury charge, therefore, does not waive error, but rather is subject to an
egregious harm analysis under the standard set forth in Almanza. See Graves v. State,
176 S.W.3d 422, 435 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) (citing
Huizar, 12 S.W.3d at 483–85). 
C. Error Analysis
          The State contends that the charge was not required because no evidence was 
admitted of an extraneous offense, since appellant denied the sexual assault of her
nephew, and the State’s questions are not evidence. The record does not support this
characterization of the testimony. Although appellant disputed that she sexually
assaulted her nephew, she acknowledged that her nephew stated that she had sex with
him.


 The jury, therefore, heard evidence that was admitted in the sentencing phase
of trial of an unadjudicated extraneous offense that her young nephew said she had
sex with him. We hold that the trial court erred by failing to instruct the jury as
required by Huizar. See Huizar, 12 S.W.3d at 483–85. We sustain appellant’s first
issue.
D. Harm Analysis
          Having determined that the trial court erred by failing to charge the jury as
required, we examine the entire record to determine whether appellant was
egregiously harmed by considering (1) the entirety of the charge itself, (2) the
evidence, (3) the arguments of counsel, and (4) other relevant information revealed
by the record. See Sanchez, 209 S.W.3d at 121.
          1. The Entirety of the Charge
          Although the trial court failed to instruct the jury to not consider the extraneous
evidence unless it was proven beyond a reasonable doubt, the charge in the
sentencing phase of trial generally told the jury that the State had the burden of proof
throughout the trial. The trial court’s charge to the jury stated, “The burden of proof
in all criminal cases rests upon the State throughout the trial and never shifts to the
defendant.” However, the general charge did not specifically address the burden of
proof for unadjudicated extraneous offenses. Cf. Zarco v. State, 210 S.W.3d 816, 827
(Tex. App.—Houston [14th Dist.] 2006, no pet.) (noting that jury properly charged
during guilt-innocence phase of trial regarding extraneous offenses weighed against
concluding that defendant was egregiously harmed). We conclude that the general
charge instructing the jury that the State has the burden of proof throughout the trial
is a circumstance that weighs neither for or against a finding of egregious harm.
          2. The Evidence
          The evidence of sexual assault by appellant of her nephew was reduced to a
hearsay statement by appellant that the nephew had at one time said she sexually
assaulted him. The State did not have the nephew testify at the trial, nor did it present
any other evidence that an offense was committed. Appellant’s testimony explained
that she was never charged with any offense relating to the purported sexual assault
of her nephew; that she passed a lie detector test; and that the child recanted the
claim. Thus, the evidence was received in the weak form of a hearsay allegation of
sexual assault. We conclude that the evidence, even if it was considered by the jury,
would not have been given much weight by the jury because it was undisputedly an
unfounded, recanted allegation. 
          Concerning the evidence admitted in the guilt-innocence phase of trial, we note
that the evidence of sexual assault was disputed by appellant, but the jury rejected
appellant’s claim of innocence. Complainant testified that appellant touched her
sexual organ to complainant’s sexual organ while they were in bed together. 
Complainant also testified that Pyeatt would instruct complainant to watch when
Pyeatt and appellant had sex. In addition, a forensic interviewer with the Children’s
Assessment Center testified as the outcry witness. She testified that complainant told
her about his sexual contact with appellant. Although appellant denied the sexual
assault, the jury rejected that testimony by finding her guilty. As the entity charged
with making credibility determinations, the jury was entitled to reject appellant’s
version of the events in the guilt-innocence phase of trial. We conclude that the
jury’s rejection of appellant’s version of events that she testified to in the guilt-innocence phase of trial weighs against a finding of egregious harm from the lack of
the instruction about the extraneous offense admitted in the sentencing phase. See
Zarco, 210 S.W.3d at 824–25 (examining entire record to conduct egregious harm
analysis and concluding that “clear, direct and unimpeached testimony” in guilt-innocence phase contributed to finding that defendant was not egregiously harmed
by lack of sentencing phase instruction regarding burden of proof for extraneous
offenses).
          3. The Arguments of Counsel
          During the State’s closing argument, the prosecutor said,
What else do we know about [appellant]? That there were allegations
with another young child, a 7-year-old who is her nephew, that she did
the same thing with him. You know about those allegations.

Later in the argument, the prosecutor stated, “Whether there were allegations from
another child before, based on this case, just this single case alone, I would feel
comfortable asking you for a life sentence.” In her closing statement, appellant’s
attorney did not mention the conduct with appellant’s nephew.
          Although the State mentioned the nephew during its argument, the State
referred to the conduct as “allegations.” Also, the State told the jury that appellant
deserved a life sentence for the underlying sexual assault of her own son, without
consideration of any other factors. Thus, although the State’s argument weighs in
favor of showing some harm to appellant from the lack of a jury instruction, we
cannot conclude that it amounts to egregious harm because the State minimized the
extraneous conduct by calling it “allegations” and asking for a life sentence without
consideration of the extraneous matter. See Zarco, 210 S.W.3d at 827 (finding that
defendant not egregiously harmed because, although State “did mention [extraneous
offense evidence] in closing,” it did not emphasize evidence).
          4. Other Relevant Information 
           The jury determined appellant’s sentence at much less than the maximum
punishment available, despite the State’s plea for life in prison. See Graves, 176
S.W.3d at 435 (holding that harm was not egregious where range of punishment was
5 to 99 years or life and jury sentenced defendant to 8 years, near lower end of
punishment range); see also Jones v. State, 111 S.W.3d 600, 609–10 (Tex.
App.—Dallas 2003, pet. ref’d) (holding that trial court’s failure to give
reasonable-doubt instruction sua sponte during sentencing phase for extraneous
offenses offered during punishment was harmless error, in part, because jury assessed
punishment far below maximum available, despite State’s plea for maximum). 
          Appellant contends that the lack of the instruction on the unadjudicated
extraneous offense likely affected the jury’s rejection of community supervision,
especially since the jury charge did not include the more specific conditions of
community supervision that pertain to sexual offenders. Although the jury heard
evidence why appellant would be an appropriate candidate for community
supervision, the jury also heard why she would not be an appropriate candidate. The
jury heard evidence that appellant was receiving treatment for sex offenders through
the Children’s Protective Services yet she still denied the sexual assault of her child. 
The jury also heard that appellant visited her sister-in-law’s house, where she had
access to four boys. Although evidence of appellant’s suitability for community
supervision weighs in favor of showing some harm to appellant from the lack of a
jury instruction, we cannot conclude that the record shows egregious harm. The jury
sentenced appellant to 12 years in prison, a sentence that could not be probated,
because the maximum term of community supervision is 10 years. See Tex. Code
Crim. Proc. Ann. art. 42.12 § 4(d)(1) (Vernon Supp. 2007). 
          Appellant also contends, “Trial counsel’s lackluster and uninformed defense,
although not directly attackable at this juncture, can surely be considered a factor in
assessing the unfairness of the proceedings.” Viewing the entire record, we cannot
agree with the assertion that the lack of the instruction regarding the allegation by
appellant’s nephew caused appellant egregious harm because, as we have explained
above, the evidence of the claim of sexual assault of the nephew was reduced to a
hearsay allegation; the State acknowledged the reduced value of the assertion by the
nephew by referring to it as an allegation; the State did not rely on the extraneous
evidence in its argument explaining why it believed a life sentence would be
appropriate; in the guilt-innocence phase of trial, the jury implicitly found appellant’s
denial of the sexual assault of complainant to be not credible, before it heard anything
about the nephew’s allegation; and the jury implicitly found credible complainant’s
testimony about the repeated sexual assaults by his own mother. Considering the
entire record, we cannot conclude that the lack of the instruction egregiously harmed
appellant. We overrule appellant’s second issue. 
 Conclusion
          We affirm the trial court’s judgment.
 
 
Elsa Alcala
Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.
 
Do not publish. See Tex. R. App. P. 47.2(b).