

IN THE
TENTH COURT OF APPEALS

No. 10-13-00140-CR

RODERICK DWAYNE McCULLOUGH,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-77-C2

MEMORANDUM  OPINION

In one issue, appellant, Roderick Dwayne McCullough, contends that the trial court erred in failing to instruct the jury under article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure and that the error resulted in egregious harm.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2012).  Because we conclude that appellant was not egregiously harmed, we affirm.

# I. BACKGROUND

Here, appellant was charged by indictment with theft of property from a person over sixty-five years old, a third-degree felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(B), (f)(3)(A) (West Supp. 2012); *see also id.* § 22.04(c)(2) (defining an "elderly individual" as "a person 65 years of age or older"). Included in the indictment was: (1) an enhancement allegation pertaining to appellant's prior conviction on August 10, 2000 for unlawful possession of a controlled substance; and (2) a habitual allegation referencing appellant's prior conviction on July 1, 1993 for unlawful possession of a controlled substance.

Appellant pleaded guilty to the charged offense, and the case proceeded to the punishment phase. Appellant pleaded "true" to both the enhancement and habitual allegations contained in the indictment. Several witnesses, including the victim and Waco Police Officer Ben Rush, testified during the punishment phase. Officer Rush, in particular, described an uncharged incident that transpired on April 7, 2000, whereby appellant resisted arrest and grabbed Officer Rush's handgun. Officer Rush identified appellant in open court and further noted that he found crack cocaine in appellant's front pocket during the April 7, 2000 arrest. As a result of the April 7, 2000 arrest, appellant was charged with unlawful possession of a controlled substance, convicted of the charged offense, and sentenced to twenty years' incarceration. Apparently, appellant was out on parole when the incident in this case occurred.

At the conclusion of the evidence, the jury assessed punishment at seventy-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified appellant's right of appeal, and this appeal followed.

## II. STANDARD OF REVIEW

When reviewing a jury charge, we first examine the charge for error. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If error occurred, we then decide whether the error caused harm. *Id.* When, as here, appellant fails to object to the charge at trial, he must show egregious harm to prevail on appeal. *Id.* at 743-44; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

## III. ANALYSIS

In his sole issue on appeal, appellant complains that the trial court erred in failing to include in the charge a reasonable-doubt instruction under article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). Appellant further complains that this error resulted in egregious harm.

### A. Applicable Law

Under article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure, the State may introduce, at punishment, evidence of "an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1).

> Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive. The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment*.

*Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999) (emphasis in original). Article 37.07 does not "deprive the jury of its ultimate fact finding role." *Escovedo v. State*, 902 S.W.2d 109, 114 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

## B. The Reasonable-Doubt Instruction

During the punishment phase of trial, the State introduced evidence of appellant's extraneous offenses and bad acts. The charge included a reasonable-doubt instruction as to the enhancement and habitual allegations contained in the indictment. However, the State concedes that the charge did not include a reasonable-doubt instruction as to evidence of other bad acts presented by the State—namely, Officer Rush's testimony regarding appellant resisting arrest and grabbing his handgun. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (holding that a trial judge must *sua sponte* instruct the jury at the punishment phase about article 37.07 of the Texas Code of Criminal Procedure, which requires that the State must prove any extraneous offenses beyond a reasonable doubt). A review of the record shows that appellant did not request such an instruction or object to its omission from the charge. Nevertheless, we must determine whether the trial court's failure to include a reasonable-doubt instruction as to evidence presented by the State of appellant's other bad acts egregiously harmed appellant.

**C.      Harm**

Under *Almanza*, the court of appeals reviews purported jury-charge error according to whether the error was preserved at trial. *See Almanza*, 686 S.W.2d at 171. We will not reverse for error that was not preserved at trial unless the error was so harmful that the defendant was denied "a fair and impartial trial." *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986). To constitute reversible error, a defendant must have suffered actual "egregious" harm and not merely theoretical harm. *Id.* at 351-52; *see Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012). The actual degree of harm must be assayed "in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

Based on our review of the record, we cannot say that appellant was egregiously harmed by the trial court's failure to *sua sponte* issue a reasonable-doubt instruction as to all of appellant's extraneous offenses and bad acts that were presented. We arrive at this conclusion based on several factors. First, the record reflects that appellant pleaded guilty to the charged offense, and he pleaded "true" to the enhancement and habitual allegations contained in the indictment. The jury could have sentenced appellant based

solely on the testimony describing the incident and the uncontested enhancement convictions to which appellant pleaded true, without reference to the extraneous evidence. *See Allen v. State*, 47 S.W.3d 47, 51-53 (Tex. App.—Fort Worth 2001, pet. ref'd) (finding no egregious harm based on the totality of the evidence and notwithstanding the State's use of extraneous offenses in punishment argument); *see also Rachell v. State*, No. 14-05-00122-CR, 2006 Tex. App. LEXIS 3264, at **19-20 (Tex. App.—Houston [14th Dist.] Apr. 13, 2006, pet. ref'd) (mem. op., not designated for publication) ("Given A.C.'s own testimony, it is likely that the jury sentenced appellant to six years' confinement on the facts of the convicted crime alone. A.C.'s testimony alone supports the jury's imposition of this sentence.").

In addition, the State sought a sentence of life imprisonment; however, the jury disagreed and assessed punishment at seventy-five years. *See Jones v. State*, 111 S.W.3d 600, 610 (Tex. App.—Dallas 2003, pet. ref'd) (finding no egregious harm for the trial court's failure to give a reasonable-doubt instruction for extraneous acts presented during the punishment phase because of, among other things, "the jury assessed punishment far below the maximum punishment available, despite the State's plea for the maximum"). This sentence corresponded with the applicable sentencing range in this case—twenty-five to ninety-nine years or life—and was lower than the maximum. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012); *see also Jones*, 111 S.W.3d at 610.

Furthermore, the record does not indicate that the jury would have disregarded or discounted the extraneous offenses and assessed a lighter sentence, especially considering that appellant had already served a portion of a twenty-year sentence

associated with his August 10, 2000 conviction for unlawful possession of a controlled substance and that Officer Rush's testimony about the arrest was uncontroverted. *See Escovedo*, 902 S.W.2d at 115 ("Nothing in this record tends to show the jury would not have considered or would have discounted the extraneous offense if the burden of proof had been included in the charge."). And while we recognize that the State mentioned Officer Rush's testimony in its closing argument, we do not believe that this comment affected the very basis of the case, deprived appellant of a valuable right, or vitally affected a defensive theory.[1] *See Stuhler*, 218 S.W.3d at 719; *see also Sanchez*, 209 S.W.3d at 121. In fact, most of the State's closing argument focused on the incident and appellant's uncontroverted criminal history, rather than Officer Rush's testimony about appellant resisting arrest and grabbing his handgun.

Accordingly, we cannot say that appellant was egregiously harmed by the failure of the trial court to include a reasonable-doubt instruction as to all of appellant's extraneous offenses and bad acts that were presented. *See Olivas*, 202 S.W.3d at 144; *see also Almanza*, 686 S.W.2d at 171. Therefore, we overrule appellant's sole issue on appeal.

## IV. CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

---

[1] The portion of the State's closing argument that appellant complains about is as follows: "And that's why we brought Officer Rush to tell you about what happened. Because we wanted you to get the full picture of what this defendant is capable of."

AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed September 26, 2013
Do not publish
[CRPM]